1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

CHARLES J. QUINTANA,                          CASE NO. 1:12-cv-00822-LJO-SKO

12
                                              **FINDINGS AND**
                    Plaintiff,                **RECOMMENDATIONS THAT**
13                                            **PLAINTIFF'S COMPLAINT BE**
                                              **DISMISSED WITH PREJUDICE**
        v.
14
                                              **OBJECTIONS DUE:  30 DAYS**
15
STATE OF CALIFORNIA-OSHA,
16                                            (Doc. No. 1)

17                  Defendant.
                                       /
18

19                          **I.    INTRODUCTION**

20          On May 18, 2012, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint

21  against the "State of California - OHSA."  (Doc. 1.)  For the reasons that follow, the Court

22  RECOMMENDS that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

23                          **II.    BACKGROUND**

24          Plaintiff's short complaint alleges the following:

25          On 3-30-12, I filed a complaint with the Labor Commissioner regarding unsafe and
            unlawful working conditions at Quest Diagnostics, Inc., Fresno, CA.  On May 18,
26          2011, I was fired by Quest Diagnostics, Inc. for "no longer meeting the company['']s
            expectations."
27
            I filed a complaint with the Labor Commissioner['s] Office on April 13, 2011, Fresno
28          Office, but it was lost and did not resurface until September, in Sacramento.  The

1
2
State of California failed to protect me under the whistleblowers statutes and to this date, no action has been taken on my behalf.  The court needs to decide the issues involved.

3  (Doc. 1.)  Plaintiff has filed three other similar complaints in this district:  *Quintana v. State of*

4  *California-Labor Standards Enforcement*, 12-cv-00823-AWI-BAM; *Quintana v. Quest Diagnostics,*

5  *Inc.*, 1:12-cv-00824-LJO-DLB; *Quintana v. United States of America - Federal OSHA*, 1:12-cv-

6  00867-AWI-GSA.

7                                     **III.    DISCUSSION**

8  **A.    Screening Standard**

9          In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

10  each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty

11  is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief

12  may be granted, or seeks monetary relief against a defendant who is immune from such relief.

13  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to

14  amend may be granted to the extent that the deficiencies of the complaint can be cured by

15  amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

16          In determining whether a complaint fails to state a claim, the Court uses the same pleading

17  standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

18  contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

19  R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

20  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

21  accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

22  550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true,

23  to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A]

24  complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short

25  of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*,

26  550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in

27  a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.*  "Threadbare recitals

28

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects in a complaint, a pro se plaintiff is entitled to notice and an opportunity to amend before dismissal. *See Lopez*, 203 F.3d at 1130-31.

**B.    Analysis**

From what can be gleaned from the allegations, it appears that Plaintiff is attempting to state a claim for wrongful termination in retaliation for reporting unsafe and unlawful working conditions at Plaintiff's place of employment. However, Plaintiff has not named his employer as a defendant; instead, he has named the State of California as a defendant for failing to act on his complaint to the Labor Commissioner regarding his employer's conduct.

The State legislature enacted the Occupational Safety & Health Act of 1973, commonly referred to as "CAL/OSHA." CAL-OSHA was created "for the purpose of assuring safe and healthful working conditions for all California working men and women . . . ." Cal. Lab. Code § 6300. Pursuant to Section 6307, the Division of Occupational Safety and Health (the "Division") has the power, jurisdiction, and supervision over every employment and place of employment in the state of California "which is necessary to adequately enforce and administer all laws and lawful standards and orders, or special orders requiring such employment and place of employment to be safe, and requiring the protection of the life, safety, and health of every employee in such employment or place of employment." Cal. Lab. Code § 6307. Employees may file a complaint with the Division to report a place of employment that is unsafe. Cal. Lab. Code § 6309. The Division has several regional offices where complaints may be filed. CAL/OSHA also prohibits an employer from retaliating against an employee who takes any of the following actions:

(1)  Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative.

(2)  Instituted or caused to be instituted any proceeding under or relating to her or her rights or has testified or is about to testify in the proceeding or because of

3

the exercise by the employee on behalf of himself, herself, or others of any rights afforded him or her.

(3)  Participated in an occupational health and safety committee established pursuant to Section 6401.7.

Cal. Lab. Code § 6310.

A separate section of the California Labor Code provides protection for employees and applicants for employment who suffer retaliation or discrimination because the employee or applicant engages in an activity protected by any law under the jurisdiction of the Labor Commissioner.  These employees or applicants are permitted to file a complaint with the Division of Labor Standards Enforcement ("DLSE").  Cal. Lab. Code § 98.7.  Such a complaint should be made within six months after the occurrence of the violation, but the six-month period may be extended for good cause.  Cal. Lab. Code § 98.7(a).  It appears Plaintiff is attempting to sue the State of California for failing to act on his complaint against his employer filed with the Labor Commissioner that reported both unsafe and unlawful working conditions.

As an initial matter, Plaintiff's complaint is vague and fails to state a claim.  Rule 8 requires that a complaint contain a "short and plain statement of the claim."  Fed. R. Civ. P. 8.  While Rule 8 does not require an elaborate recitation of every fact a plaintiff may rely upon at trial, *Iqbal*, 556 U.S. at 678, the statement must be sufficient to give fair notice of the nature of the plaintiff's claim and the ground upon which it rests, *Twombly*, 550 U.S. at 555.  Plaintiff indicates that the State of California failed to protect him under the whistleblowers statutes, no action has been taken on his behalf, and the court needs to decide the issues involved.  (Doc. 1.)  These allegations are not sufficient pursuant to Rule 8.  For example, while Plaintiff alleges that his complaint to the Labor Commissioner "was lost," Plaintiff also asserts that the complaint "resurface[d]" in Sacramento yet provides no information about the "resurface[d]" complaint or what action, if any, the Labor Commissioner took on the complaint when it resurfaced.  Further, Plaintiff provides no statutory or legal authority that would permit the Court to order the Labor Commissioner to take any affirmative action with respect to Plaintiff's alleged retaliation complaint.  Therefore, the relief requested by Plaintiff does not appear to be within the Court's power to award.  *See* Fed. R. Civ. P. 8(a)(2) (the statement of the claim must show how the pleader is entitled to relief).

Additionally, pursuant to the Eleventh Amendment, any attempt to cure the pleading defects would be futile.  Federal courts have no power to consider claims for which they lack subject-matter jurisdiction.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  The burden of establishing jurisdiction thus rests upon the party asserting it.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As currently pled, the complaint fails to properly invoke federal jurisdiction because Plaintiff has not alleged how the State of California has waived its sovereign immunity under the Eleventh Amendment.

The Eleventh Amendment provides that the power of the federal judiciary "shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  "As the Supreme Court has applied the Eleventh Amendment, 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'"  *Pittman v. Oregon*, 509 F.3d 1065, 1071 (9th Cir. 2007) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)).  While a state may waive sovereign immunity by, for example, litigating the merits of the claims asserted against it in federal court, there is no such waiver in this case.  *See Arizona v. Bliemeister*, 296 F.3d 858, 862 (9th Cir. 2002) ("a state waives its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity").  Specifically, Plaintiff has not alleged that the State of California has waived sovereign immunity, nor is there evidence of such waiver.  Absent a waiver, Plaintiff is barred from asserting a claim against the State of California.

Moreover, to the extent Plaintiff is attempting to state a claim against the California Labor Commissioner, this claim is also precluded by the Eleventh Amendment.  For purposes of the Eleventh Amendment, a suit against an official in his or her official capacity is a suit against that official's office and "is no different from a suit against the State itself."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Eaglesmith v. Ward*, 73 F.3d 857, 860 (9th Cir. 1995).

## IV.   CONCLUSION AND RECOMMENDATION

As Plaintiff's claim against the State of California is barred by the Eleventh Amendment, and no amendment can cure that defect, the Court RECOMMENDS that this case be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **September 23, 2012**                    **/s/ Sheila K. Oberto**
                                                                       UNITED STATES MAGISTRATE JUDGE